SMITH v. SMYTH ET AL.

1. **Partnership:** LIABILITY OF MEMBERS. Where two members of a firm engaged in buying grain were in the habit of paying for the grain purchased by the firm upon the presentation to them of the weigher's ticket, certifying the amount of grain purchased, and plaintiff, who had sold them a quantity of grain, received but part payment upon presenting his ticket, and at various times afterwards received from them installments thereon, but before the whole amount due him had been paid they failed: *Held*, that the plaintiff could recover from the remaining members of the firm the unpaid balance.

2. ———: ———: NEGOTIABLE PAPER. The ticket, which stated merely the amount of grain purchased, the price, the names of payer and payee, and the weigher, could not be treated as a draft, order, or bill of exchange and no demand of payment or notice of default was necessary to bind the other members of the firm than those named therein, as payers.

*Appeal from Linn District Court.*

FRIDAY, MARCH 24.

THE defendants and one A. R. Knott, one F. L. Knott and one W. H. Goudy, were doing business as partners under the name of The Mt. Vernon Grain Company. The said firm

purchased of plaintiff certain corn, and delivered to him a memorandum or ticket in the following words:

"Weighed on Fairbanks' Standard Scales.

79.        Weighed at Mill,                    1872.
        Load of Corn,    30.
    From J. J. Smith,
                            To Knotts & Goudy.
    $697.25.
                        Net 2354 10-100 bush.
F. L. Knott & Webb,
            Weigher."

It was customary for the said A. R. and F. L. Knott and said Goudy, who were doing business as merchants under the name of Knotts & Goudy, to pay to the holder of such memorandum or ticket the amount mentioned therein. The plaintiff took the ticket with knowledge of their custom, and with the understanding with the defendants that said Knotts & Goudy would pay him the amount due him as shown thereby. He presented the ticket to said Knotts & Goudy several times and received part payment. Afterwards, and before full payment was made, Knotts & Goudy failed. At all times prior to their insolvency they had on hand, or under their control, funds of the Mt. Vernon Grain Company sufficient to pay said ticket, and plaintiff gave defendants no notice that it was not fully paid. This action is brought to recover the balance unpaid. The defendants constitute all the members of the Mt. Vernon Grain Company, except the said Knotts & Goudy. Judgment for the plaintiff. Defendants appeal.

*Wm. D. Thomson* and *J. B. Young*, for appellants.

*Corbett & Campbell* and *I. M. Preston*, for appellee.

ADAMS, J.—Each member of the firm called the Mt. Vernon Grain Company, including the said Knotts and the said Goudy, became indebted and individually liable to the plaintiff for said grain. By the acceptance of the ticket with the understanding that said Knotts & Goudy

1. PARTNER-SHIP: liability of members.

would pay it upon presentation, plaintiff did not by implication agree to look to them exclusively, nor was there any express agreement to that effect.

The ticket is not a draft, check, order or bill of exchange, and no usage of trade can make it so.   It is a mere memorandum of

2. ——: ——: the amount of grain purchased, and price, sent by
negotiable
paper.        the purchasing member of the firm to the paying members.  No demand of payment or notice of default was necessary. Each member's account was open to inspection to all the others. The status of each member's account must be presumed to be known at all times to all the other members.   If Knotts & Goudy had firm funds in their hands, they were of course charged with them. So far as they failed to pay plaintiff, their account with the firm should have shown such failure. If the other members of the firm were ignorant of it, it was because their books were not properly kept or, if so kept, were not properly inspected.   There was no occasion to notify the defendants of what the law presumes that they already knew. We think the plaintiff was entitled to recover.

AFFIRMED.